IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| Donnie G. Rubell, )<br>Plaintiff )<br> )<br>v. )<br> )<br>Fed Ex Ground Package System, et al )<br>Defendants ) | Cause No. 7:10-CV-00164-O |

Findings and Recommendations

This action comes before the undersigned by reason of the District Court's referral of the case for pre-trial management and for the handling of non-dispositive motions.[1] Plaintiff is proceeding *pro se* and seeks leave to proceed *in forma pauperis*. Finding that Plaintiff's Motion to Proceed in Forma Pauperis is properly supported by his Declaration that reflects his financial inability to bear and pay the filing fee, I find and conclude that Plaintiff's motion should be, and shall be granted by separate order.

Prior Case Order

Five months ago in May, 2010 in Cause No. 7:10-CV-025 [2], this Court accepted this Magistrate Judge's Findings and Recommendations and expressly ordered that Rubell be "prohibited from filing any new suit in any federal court without first obtaining permission from the judge of said court."[3] I liberally construe page 3 of Plaintiff's Complaint under the title

---

[1] (Docket No.4 in this cause)

[2] Cause No. 7:10-CV-025, styled *Donnie G. Rubell v. Fed Ex Ground Package System, et al.*

[3] Id. (Docket No. 9)

1

"Notice of Motion for Permission to File Complaint to All Parties and their Attorneys of Record" as Rubell's request for permission to file this suit in accordance with this Court's Order in that previous case. Therefore, I have reviewed his Complaint with its 307 pages of attachments to determine if such permission should be given and to determine whether it should be dismissed pursuant to 28 USC 1915 (e) (2).

## Findings

A pig in fools clothing is still a pig. Rubell has tried to dress his same 1992 employment injury claim in ADA and Civil Rights clothing to wiggle past this Court's Order of Dismissal in Cause No. 7:10-CV-25, and the three prior final judgments from the Federal District Court in the Fort Worth Division, two Fifth Circuit affirmations, and one other prior dismissal[4] from this Court. All that Plaintiff Rubell has done in filing this case is to reshuffle the pleadings and exhibits that this Magistrate Judge reviewed in Cause No. 7:10-CV-025 wherein I concluded that his cause(s), if any, were barred by statutes of limitations.[5]

Rubell has changed the pig's clothing by cobbling together 307 pages of unnumbered sheets that comprised some of the exhibits from previously determined cases against the same Defendants. The attached pages tendered with his Complaint reflect again that the incidents about which Rubell complains are:

    a.    three racial discrimination cases he filed with EEOC complaining of his treatment at his

---

[4] Cause No. 7:09-CV-071.

[5] The Plaintiff's prior litigation history is recited at length in this Magistrate Judge's Findings and Recommendations in 7:10-CV-025 and will not be repeated here. Final Judgements have been entered on Plaintiff's employment discrimination claims in Cause No. 4:94-cv-00193, 4:95-cv-78; 4:95-cv-269; 4:97-cv-01035.

> three places of employment at Roadway Express, National R/X Services and Edward Blank Associates during a two year period (1994-1995);
>
> b. a medical malpractice claim against one Dr. Brennard of the Fort Worth Chiropractic Clinic (sometime between 1992 and 1995);
>
> c. his application for disability benefits with Social Security in 1992;
>
> d. an asserted a Texas Workers Compensation claim for a jobsite injury that allegedly occurred in 1992 or 1995; and,
>
> e. repeated examinations and/or treatments to various medical care professionals.

I conclude that the monetary and other relief Rubell seeks by his complaints arise out of such incidents and are time barred on their face as a matter of law. Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). I conclude that none of Rubell's claims can be factually sustained. They lack an arguable basis in fact. I find that this case is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). Considering the total lack of preparation or organization of the Complaint and its jumbled attachment, I further find that the Complaint is filed for malicious purposes within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).

## Recommendations

And finding that this suit fails to state a claim upon which relief may be granted, is frivolous and malicious, I recommend to the District Court that permission to file this suit be denied and the same be dismissed with prejudice. I further recommend that the District Court impose the sanction of

precluding Plaintiff Donnie Glenn Rubell from filing any new suit in any Federal court without first securing prior permission from the judge of said court to file the same and without first paying the full filing fee and providing proper financial security for all other court costs. I recommend that these sanctions be duly noted by the clerks of the Federal courts in all districts in Texas.

It is so ORDERED, this 4th day of November, 2010.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).